■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE AGNELLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 7, 1985, convicting him of operating a vehicle dismantling business without a registration, failing to maintain vehicle dismantler's records, failing to post a vehicle

dismantler's registration number at his place of business, and failing to maintain junk dealer's records, upon a jury verdict, and imposing sentence.

Judgment modified, on the law and the facts, and as a matter of discretion in the interest of justice, by reversing the convictions of operating a vehicle dismantling business without a registration, failing to maintain vehicle dismantler's records, and failing to post a vehicle dismantler's registration number, vacating the sentences imposed thereon, dismissing those counts of the indictment, and reducing the sentence imposed on the defendant's conviction of failing to maintain junk dealer's records to a fine in the amount of $500. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted, *inter alia,* of operating a vehicle dismantler's business at 157-09 Liberty Avenue without a registration, failing to keep statutorily required vehicle dismantler's records, and failing to post a vehicle dismantler's registration number at that location.

The defendant is a registered vehicle dismantler at another nearby location at 150-37 Liberty Avenue, which business premises is approximately 1½ blocks away from 157-09 Liberty Avenue. Vehicle and Traffic Law § 415-a (1) defines a vehicle dismantler as "any person who is engaged in the business of acquiring motor vehicles or trailers for the purpose of dismantling the same for parts or reselling such vehicles as scrap". At trial, several witnesses testified that the lot at 157-09 Liberty Avenue, which contained hundreds of automobile parts, appeared to be open for business, and that they observed customers who were present making inquiry regarding the purchase of various parts. In addition to the defendant's "police book", the People offered in evidence several New York State Department of Motor Vehicles documents, referred to as MV-907A's, which were taken from the premises. These documents represent the transfer of salvage vehicles from the New York City Department of Sanitation to the defendant. Each of these documents, however, was issued to the defendant at 150-37 Liberty Avenue, the location at which he was registered to operate as a vehicle dismantler.

On this record, we find that the evidence failed to establish that the defendant was engaged in his vehicle dismantling business at 157-09 Liberty Avenue. All of the MV-907A's on which the People relied heavily were issued to the defendant at his registered location. As a junk dealer, he was required to

maintain a "police book" at his lot at 157-09 Liberty Avenue pursuant to the Administrative Code of the City of New York; therefore, the fact that he did so cannot be held against him. Moreover, testimony in the record indicated that the defendant could lawfully utilize 157-09 Liberty Avenue as a viewing and storage facility without obtaining a registration. Accordingly, the mere storage of parts coupled with the presence of customers at 157-09 Liberty Avenue does not indicate that the defendant was purchasing vehicles for the purpose of dismantling the same for parts or resale as scrap. We find that the evidence was insufficient to establish beyond a reasonable doubt that the defendant was engaged in the vehicle dismantling business at 157-09 Liberty Avenue and, accordingly, his convictions under the Vehicle and Traffic law must be reversed.

We find, however, that the defendant's conviction for failing to maintain junkyard dealer's records is supported by evidence which established his guilt beyond a reasonable doubt. It is beyond dispute that 157-09 Liberty Avenue was being utilized as a junkyard, and the defendant's "police book", which was seized from the subject location, did not comply with Administrative Code of the City of New York § B32-123.0 which provides that: "Every junk dealer shall keep, at his place of business, a record book. At the time of every purchase and sale, a description of every article so purchased or sold, the name, residence and general description of the person or persons from whom such purchase was made or to whom such sale was made, and the day and hour of such purchase or sale shall be legibly written in such book, in English."

The defendant's sentence for this violation of the Administrative Code was excessive to the extent indicated.

In light of the foregoing, we decline to reach the defendant's remaining contentions. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.